**Aaron Mark ZIMMERMAN,**
**Plaintiff-Appellant,**

v.

**GRIEVANCE COMMITTEE OF the FIFTH JUDICIAL DISTRICT OF the STATE OF NEW YORK, et al., Defendants-Appellees.**

**No. 455, Docket 83–7532.**

United States Court of Appeals,
Second Circuit.

Argued Jan. 5, 1984.

Decided Jan. 27, 1984.

Certiorari Denied June 4, 1984.

See 104 S.Ct. 2681.

Gary Lavine, Syracuse, N.Y. (Aaron Mark Zimmerman, pro se, Mark Bennett, Allen, Babisch & Bennett, Des Moines, Iowa, on brief), for plaintiff-appellant.

William J. Kogan, Asst. Sol. Gen., Albany, N.Y. (Robert Abrams, Atty. Gen., and Peter H. Schiff, Asst. Atty. Gen., Albany, N.Y., on brief), for defendant-appellee Grievance Committee of the Fifth Judicial Dist.

John A. Williamson, Jr., Albany, N.Y., for defendant-appellee New York State Bar Assn.

Henry S. Fraser, Syracuse, N.Y. (Coulter, Fraser, Ames, Bolton, Bird & Ventre, Syracuse, N.Y., on brief), for defendant-appellee Onondaga County Bar Assn.

Before NEWMAN and PRATT, Circuit Judges, and MacMAHON, District Judge.*

JON O. NEWMAN, Circuit Judge:

Aaron Mark Zimmerman appeals from the June 13, 1983, judgment of the District Court for the Northern District of New York (Neal McCurn, Judge) dismissing his amended complaint for lack of subject matter jurisdiction. The complaint alleged that Zimmerman's First Amendment rights were violated by a decision of the Appellate Division of the New York Supreme Court, which censured him for violating a State rule regulating lawyer advertising. We affirm.

Zimmerman, an attorney admitted to practice in New York, purchased listings in the attorneys' section of the Syracuse, New York, *Yellow Pages.* His name, arranged alphabetically by his first name, rather than by his surname, appeared in all of the twenty-five available areas of practice listed under a general caption "LAWYERS Grouped By Practice." Among the areas in which

---

* The Honorable Lloyd F. MacMahon of the United States District Court for the Southern District of New York, sitting by designation.

Zimmerman was listed were "Admiralty Law," "Bankruptcy," "Labor Law," and "Securities Law."

The Grievance Committee of New York's Fifth Judicial District instituted disciplinary proceedings against Zimmerman before the Appellate Division of the Supreme Court of the State of New York, Fourth Judicial Department. The Committee alleged that Zimmerman had violated the advertising rule in 11 N.Y.C.R.R. § 1022.16(a), which adopts DR 2–101(A) of the Disciplinary Rules of the Code of Professional Responsibility.[1] The Appellate Division issued a decision and order censuring Zimmerman for professional misconduct. *In re Zimmerman,* 79 A.D.2d 263, 438 N.Y.S.2d 400 (4th Dep't 1981) (per curiam). Zimmerman's appeal to the New York Court of Appeals was dismissed. 53 N.Y.2d 937, 440 N.Y.S.2d 1029, 423 N.E.2d 416 (1981), and a subsequent motion for leave to appeal was denied, 54 N.Y.2d 606, 443 N.Y.S.2d 1029, 427 N.E.2d 514 (1981). Zimmerman did not seek review in the United States Supreme Court, but instead instituted the present action in federal district court, purporting to plead various claims under 42 U.S.C. § 1983 (Supp. V 1981).

We agree with the District Court's determination that *District of Columbia Court of Appeals v. Feldman,* — U.S. —, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983), requires dismissal of Zimmerman's amended complaint for lack of subject matter jurisdiction. *Feldman* held that a federal court lacks subject matter jurisdiction over claims that an unsuccessful state bar applicant was subjected to an unconstitutional application of state bar admission rules in a state judicial proceeding. *Id.* 103 S.Ct. at 1311–15. The only permissible federal court challenge is review in the United States Supreme Court. 28 U.S.C. § 1257 (1976). The decision in *Feldman* clearly applies to federal district court challenges to attorney disciplinary orders rendered by state courts in judicial proceedings. *See* 103 S.Ct. at 1314

n. 15; *id.* 103 S.Ct. at 1315–16 n. 16 (citing *MacKay v. Nesbett,* 412 F.2d 846 (9th Cir. 1969)). Disciplinary proceedings before the New York Appellate Division are judicial in nature, *Erdmann v. Stevens,* 458 F.2d 1205, 1208–09 (2d Cir.), *cert. denied,* 409 U.S. 889, 93 S.Ct. 126, 34 L.Ed.2d 147 (1972), and dismissal of an appeal from a disciplinary proceeding by the New York Court of Appeals is a final state court judgment. *See Turco v. Monroe County Bar Association,* 554 F.2d 515, 521 (2d Cir.), *cert. denied,* 434 U.S. 834, 98 S.Ct. 122, 54 L.Ed.2d 95 (1977).

Apparently recognizing that *Feldman* precludes a district court challenge to the censure itself, Zimmerman endeavors on appeal to broaden his challenge to include what he claims is "a general attack upon the constitutionality of the rule." Appellant's Brief at 7. *Feldman* recognized a distinction between "challenges to state court decisions in particular cases arising out of judicial proceedings," over which district courts lack jurisdiction, and "general challenges to state bar rules, promulgated by state courts in non-judicial proceedings," as to which district court jurisdiction exists. 103 S.Ct. at 1317. And the Supreme Court acknowledged in *Feldman* that a state court may be found to have acted in a non-judicial capacity in promulgating rules regulating the bar. *Id.* 103 S.Ct. at 1316; *see, e.g., Supreme Court of Virginia v. Consumers Union,* 446 U.S. 719, 731, 100 S.Ct. 1967, 1974, 64 L.Ed.2d 641 (1980). It is possible that a state court could combine in a single opinion an adjudication of a grievance complaint with a promulgation of what amounts to a new rule. Of course, every application of a rule to the facts of a particular case results in some "new" refinement of the rule, and *Feldman* cannot be circumvented by characterizing all constructions of a rule as the promulgation of new rules. Thus, when Zimmerman challenges the Appellate Division's decision because it construed the advertising rule's ban on "decep-

---

1. The rule provides: "A lawyer on behalf of himself or herself or partners or associates, shall not use or disseminate or participate in the preparation or dissemination of any public

communication containing statements or claims that are false, deceptive, misleading or cast reflection on the legal profession as a whole."

tive" and "misleading" statements to bar any listings under categories in which a lawyer is not experienced, he is complaining about a construction of the rule given in an adjudication of the grievance against him, and *Feldman* limits his challenge of that adjudication to review in the Supreme Court. However, if, as Zimmerman contends, the Appellate Division, after finding Zimmerman's listings to be deceptive because they implied experience that he lacked, had gone on to announce a prohibition on any grouped-by-practice listing, we would have to determine whether *Feldman* permits a district court challenge to such a claimed "promulgation" of a "new" rule.

We need not resolve that issue in this case, however, because the Appellate Division has not unambiguously prohibited grouped-by-practice listings. The Court's opinion only raises the concern that listing by categories of law "*may* leave the public with the erroneous impression that some lawyers, including those listed in the advertisement, are certified as specialists" and notes that "no lawyer certifications procedure or rules have been established in New York." 438 N.Y.S.2d at 402 (emphasis added). But the opinion stops short of announcing a prohibition on grouped-by-practice listing. The Court censured Zimmerman because he listed himself under categories for which he lacked experience, not because of a listing *per se.* The Assistant Solicitor General of New York, representing the Grievance Committee, eschews any contention that grouped-by-practice listings have been prohibited. It would be inconsistent with the thrust of *Feldman* to resolve ambiguities in a state court opinion in favor of the "promulgation" of a "new" rule and thereby encounter a jurisdictional issue in the absence of a clear statement from the state court.

Affirmed.