Walter Murphy CZURA, Plaintiff,

v.

The SUPREME COURT OF SOUTH CAR-
OLINA AS COMMITTEE ON RULES
OF ADMISSION TO PRACTICE OF
LAW IN the State of SOUTH CAR-
OLINA BY Honorable Julius B. NESS,
Chief Justice of the South Carolina Su-
preme Court and in His Individual Ca-
pacity; Honorable George T. Gregory,
Associate Justice of the South Carolina
Supreme Court and in His Individual
Capacity; Honorable David W. Har-
well, Associate Justice of the South
Carolina Supreme Court and in His In-
dividual Capacity; Honorable A. Lee
Chandler, Associate Justice of the
South Carolina Supreme Court and in
His Individual Capacity; Honorable Er-
nest A. Finney, Associate Justice of the
South Carolina Supreme Court and in
His Individual Capacity; Committee on
Character and Fitness of the South
Carolina Supreme Court by, Honorable
Joseph W. Hudgens, Chairman, and in
His Individual Capacity; Honorable C.
Dexter Powers, Member and in His In-
dividual Capacity; Honorable Nathani-
el L. Barnwell, Member and in His In-
dividual Capacity; Honorable Jeter E.
Rhodes, Jr., Member and in His Indi-
vidual Capacity; Honorable Thomas W.
Thomas, Member and in His Individual
Capacity, Defendants.

Civ. A. No. 3:85–3030–15.

United States District Court,
D. South Carolina,
Columbia Division.

March 7, 1986.

Jon P. Thames, Columbia, S.C., for plaintiff.

Richard B. Kale, Columbia, S.C., for defendants.

HAMILTON, District Judge.

This is a civil rights action, brought pursuant to 42 U.S.C. § 1983, in which the plaintiff, a disbarred attorney, seeks injunctive and declaratory relief that certain disciplinary measures adopted by the defendant Supreme Court of South Carolina violate his constitutional rights. The defendants are the justices of the Supreme Court of South Carolina, and the members, and Committee on Character and Fitness of the South Carolina Supreme Court. Jurisdiction is premised on 28 U.S.C. § 1331 and 1343. The matter is now before the court on the defendants' motion to dismiss, pursuant to Rules 12(b)(1) & (6), Fed.R.Civ.P.

On January 13, 1982, plaintiff entered a plea of guilty in United States District Court to one count of an indictment that charged him with violating 21 U.S.C. § 963 by conspiring to import over one thousand pounds of marijuana into the Hilton Head area of South Carolina. On February 18, 1982 plaintiff was temporarily suspended by the Supreme Court of South Carolina from practicing law while the grievance matter was processed before the Board of Commissioners on Grievances and Discipline. On August 8, 1983, the Supreme Court of South Carolina issued its judgment disbarring plaintiff from the practice of law. *Matter of Czura*, 279 S.C. 291, 306 S.E.2d 591 (1983). On April 12, 1985 plaintiff submitted a petition to the defendants for readmission to the Bar. On April 24, 1985 the Clerk of the Supreme Court of South Carolina returned plaintiff's petition to him and advised plaintiff that there was no provision for readmission following disbarment.[1]

In November 1985 plaintiff commenced this action in federal court. The plaintiff asserts numerous causes of action, including:

(1) that the defendants created an irrebutable presumption of unfitness to practice law which denies plaintiff due process by depriving him of the fundamental right of "right to rehabilitation";

(2) that by refusing plaintiff a forum to demonstrate his rehabilitation, plaintiff has been deprived of procedural due process guarantees;

(3) that the defendants' actions violate plaintiff's right to travel guaranteed by the Privileges and Immunities Clause of Article IV and the fourteenth amendment;

(4) that the defendants' actions in allowing first time applicants to the Bar who have criminal records to demonstrate rehabilitation, but in denying plaintiff access to this mechanism, deprives plaintiff of equal protection;

(5) that the defendants' actions in allowing attorneys who have been sanctioned with indefinite suspension to demonstrate rehabilitation, but in denying plaintiff access to this mechanism deprives plaintiff of equal protection;

(6) that the defendants' actions in denying plaintiff a forum to demonstrate rehabilitation, when other professional bodies extend such a mechanism to their members with withdrawn licenses, denies plaintiff equal protection;

1. Pursuant to the South Carolina Constitution, Article V Section IV, the Supreme Court of South Carolina has the power to promulgate disciplinary rules concerning the Bar. The court has promulgated the current Rule 8 (former Rule 6) which provides that:

A. A person disbarred shall never be readmitted to the practice of law in this state.

(7) that the defendants have deprived plaintiff of his fundamental right to practice law.

Plaintiff asks for a preliminary injunction ordering the defendants to entertain plaintiff's petition for reinstatement. Plaintiff also requests a declaratory judgment that defendants actions violated his constitutional rights, as alleged in (1) to (7) above.

■ Pursuant to their motion under Rule 12(b)(1) to dismiss the complaint on the grounds that this court has no subject matter jurisdiction, defendants argue that a federal district court has no jurisdiction to review a state court's decision in an attorney disciplinary proceeding. In addition, defendants argue that the complaint fails to state a claim upon which relief can be granted, Rule 12(b)(6), Fed.R.Civ.P., because plaintiff's claims are barred by the doctrines of *res judicata* and/or collateral estoppel. After reviewing the memoranda of counsel, and the applicable law, and hearing oral argument on this motion, the court is constrained to conclude that defendants' motion to dismiss should be granted for the reasons set out below.

28 U.S.C. § 1257 provides, in part, that:

Final judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court as follows:

. . . .

(2) By appeal, where is drawn in question the validity of a statute of any state on the ground of its being repugnant to the Constitution, treaties of laws of the United States, and the decision is in favor of its validity;

(3) By writ of certiorari where ... the validity of a State statute is drawn in question on the ground of its being repugnant to the Constitution, treaties of laws of the United States, or where any title, right, privilege or immunity is specially set up or claimed under the Constitution, treaties or statutes of ... the United States.

It is well settled, therefore, that a federal district court does not have jurisdiction to reverse or modify a final, definitive order of a state court. *Kimball v. The Florida Bar,* 632 F.2d 1283 (5th Cir.1980). The proper route for review is to seek review by the United States Supreme Court, as provided in 28 U.S.C. § 1257.

■ In *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983) two applicants who were denied permission to sit for the District of Columbia Bar on the ground that they were not graduates of ABA approved law schools, as required by the District of Columbia Court of Appeals rules, filed complaints in federal district court challenging the application of the rule to their own cases, and mounting a general challenge to the constitutionality of the Bar admission rules. Although the district court dismissed the claims for lack of subject matter jurisdiction, the court of appeals remanded the constitutional claims back to district court for consideration on the merits. On appeal of the jurisdictional question to the Supreme Court, the Court focused first on whether the proceedings of the District of Columbia Court of Appeals in Bar matters were truly "judicial." The Court left no doubt that such proceedings were judicial in nature. As such the Court concluded that because the district court was in essence being called upon to review a state court decision, it had no subject matter jurisdiction over that claim. Although the Court noted that district courts do have subject matter jurisdiction over general challenges to state Bar rules when those rules are promulgated by state courts in nonjudicial proceedings and do not necessitate review of a final state court judgment in a particular case, they *do not* have jurisdiction over challenges to state court decisions in particular cases "arising out of" judicial proceedings, even if those challenges are couched in constitutional terms. *Feldman,* 460 U.S. at 486, 103 S.Ct. at 1317. Further, *Feldman* recognized that sometimes the two types of challenges may be "inextricably intertwined," 460 U.S. at 486, 103 S.Ct. at 1317.

The Court in *Feldman* drew upon the analysis developed in *Doe v. Pringle,* 550

F.2d 596 (10th Cir.1976) in which the Tenth Circuit Court of Appeals stated with reference to a constitutional challenge to a Bar admission denial:

> We concur in the district court's finding that it is without subject matter jurisdiction to review a final order of the [State] Supreme Court denying a particular application for admission to the [state Bar]. *This rule applies even though, as here, the challenge is anchored to alleged deprivations of federally protected due process and equal protection rights.*

*Id.* at 599 (emphasis supplied).

To similar effect is *Zimmerman v. Grievance Committee of the Fifth Judicial District of the State of New York,* 726 F.2d 85 (2d Cir.1984), in which an attorney disciplined for violating the state lawyer advertising regulations, challenged the constitutionality of the advertising rule. *Zimmerman* interpreted *Feldman* to mean that challenges to this state's non-judicial rule promulgating functions could be heard in federal court, but challenges to an earlier judicial proceeding in which an existing rule had simply been applied to a particular case could not be heard.

With these principles in mind the court turns to consideration of the instant case. Like the plaintiffs in *Feldman* and *Zimmerman,* plaintiff argues facts in his complaint that allegedly demonstrate why a particular existing rule (Rule 8) should not be applied to his case. Although plaintiff attempts to anchor his particularized request for relief to a more general constitutional attack, his claim for relief is necessarily tied to the imposition of the sanction in his case. Although plaintiff refutes this conclusion, and asserts that he presents a discrete "general" attack here, the very wording of plaintiff's complaint belies this contention. For example, the first relief plaintiff requests is "for preliminary injunction ordering the defendants afford plaintiff's petition for reinstatement immediate consideration and immediately calendar it for consideration of plaintiff's character and fitness." In short, what plaintiff seeks is for this court to convert his sanction from permanent disbarment to indefinite suspension. However, based on the foregoing authorities, this court has no authority to modify a final judgment of the Supreme Court of South Carolina, which was rendered in a judicial proceeding.

The court concludes that plaintiff's constitutional challenge to the alleged denial of "right to rehabilitation" arises out of the earlier judicial proceeding, and is wholly and inextricably interwined with plaintiff's efforts to have the Supreme Court of South Carolina entertain his petition for readmission. Furthermore, because the complaint and requested relief concern basically the application of Rule 8 to his own case, and would necessitate a review of the decision in *Matter of Czura,* 279 S.C. 291, 306 S.E.2d 591 (1983), this court concludes it has no jurisdiction to review such a matter as this, which has been entrusted by the South Carolina Constitution to the Supreme Court of South Carolina.

As an independent basis for granting the defendants' motion to dismiss the court concludes that the doctrine of *res judicata* also forecloses litigation of this claim. Although the Court in *Feldman* expressly reserved the question of whether the doctrine of *res judicata* barred the petitioner's federal challenge, it is well settled that a final judgment on the merits of an action precludes the parties from relitigating issues that were, or could have been raised. *Federated Department Store, Inc., v. Moitie,* 452 U.S. 394, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981). In *Migra v. Warren City School District Board of Education,* 465 U.S. 75, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984), the Supreme Court made clear that a state court judgment, later challenged in a § 1983 suit, must be given full faith and credit, even as to federal claims that could have, but were not, raised in state court.

The South Carolina Supreme Court Rules on Disciplinary Procedure provide ample support for the conclusion that plaintiff had a full and fair opportunity to raise any constitutional challenge to a disbarment sanction.

The current Rule 6(C) provides a hearing panel to recommend an appropriate sanction to be imposed. Rule 12 and 14 provide for panel procedures, and Rule 15 provides for oral argument, which includes consideration of exceptions taken to action below, before the Supreme Court. Although plaintiff argues he did not know of the disbarment possibility until *Matter of Czura* was issued, plaintiff must have known earlier that disbarment was a real possibility since the Executive Committee, to whose report plaintiff could have filed exceptions, had recommended disbarment. Plaintiff could have presented any constitutional challenges in such a forum. Therefore, *res judicata* bars this claim.[2]

For the foregoing reasons and based on the cited authorities, the defendants' motion to dismiss is granted. Rules 12(b)(1) and 12(b)(6), Fed.R.Civ.P.

---

**2.** In addition, defendants have raised an issue concerning the Supreme Court of South Carolina's possible immunity. Defendants contend that, assuming *arguendo* the Supreme Court acted in a legislative capacity in deciding plaintiff's case, the court has legislative immunity, *Supreme Court of Virginia v. Consumers Union of the U.S., Inc.,* 446 U.S. 719, 100 S.Ct. 1967, 64 L.Ed.2d 641 (1980). Plaintiff responds that this immunity does not bar plaintiff from receiving equitable relief. In view of this court's decision to grant this motion on the grounds of lack of subject matter jurisdiction and failure to state a claim, this issue is not reached by the court.