**Walter Murphy CZURA,**
**Plaintiff-Appellant,**

v.

**SUPREME COURT OF SOUTH CAROLINA as Committee on Rules of Admission to Practice of Law in the State of South Carolina; Julius B. Ness, Chief Justice of the South Carolina Supreme Court and in his individual capacity; George T. Gregory, Associate Justice of the South Carolina Supreme Court and in his individual capacity; David W. Harwell, Associate Justice of the South Carolina Supreme Court and in his individual capacity; A. Lee Chandler, Associate Justice of the South Carolina Supreme Court and in his individual capacity; Ernest A. Finney, Associate Justice of the South Carolina Supreme Court and in his individual capacity; Committee on Character and Fitness of the South Carolina Supreme Court; Joseph W. Hudgens, Chairman and in his individual capacity; C. Dexter Powers, Member and in his individual capacity; Nathanial L. Barnwell, Member and in his individual capacity; Jeter E. Rhodes, Member and in his individual capacity; Thomas W. Thomas, Member and in his individual capacity, Defendants-Appellees.**

No. 86–1086.

United States Court of Appeals, Fourth Circuit.

Argued Jan. 8, 1987.

Decided March 11, 1987.

Jon Paul Thames on brief, for plaintiff-appellant.

Richard Bevins Kale, Jr., Sr. Asst. Atty. Gen. (T. Travis Medlock, Atty. Gen. on brief), for defendants-appellees.

Before WIDENER and HALL, Circuit Judges, and SENTELLE, United States District Judge for the Western District of North Carolina, sitting by designation.

K.K. HALL, Circuit Judge:

Walter Murphy Czura, a disbarred South Carolina attorney, appeals the district court's order dismissing his civil rights action under 42 U.S.C. § 1983 for lack of

subject matter jurisdiction and failure to state a claim, 632 F.Supp. 267. We affirm.

## I.

In January, 1982, Czura pleaded guilty to conspiracy to import over 1,000 pounds of marijuana, in violation of 21 U.S.C. § 963. One month later, plaintiff was temporarily suspended from practicing law by the Supreme Court of South Carolina. Following a hearing before the Board of Commissioners on Grievances and Discipline, which resulted in a recommendation of disbarment, the Supreme Court on August 8, 1983, issued its judgment permanently disbarring Czura from the practice of law on the ground of misconduct. This action was taken pursuant to the court's disciplinary rules.[1] *In the Matter of Czura*, 279 S.C. 291, 306 S.E.2d 591 (1983).

On April 12, 1985, plaintiff petitioned the state Supreme Court for readmission. The Clerk of the court returned the petition to Czura, informing him that there was no provision under South Carolina law for readmission following disbarment.

In November, 1985, Czura filed the present action against the justices of the Supreme Court of South Carolina and other defendants, including the members of the court's Committee on Character and Fitness. In his complaint, plaintiff alleged that defendants' actions violated his federal constitutional rights to due process and equal protection, including his rights to be rehabilitated and to practice his profession, and his right to travel. Czura requested immediate consideration of his petition for reinstatement.

Following defendants' motion to dismiss under Fed.R.Civ.P. 12(b)(2) and (6) for lack of subject matter jurisdiction and failure to state a claim, the district court dismissed plaintiff's action. The district court concluded that it lacked jurisdiction to review

---

1. Section 7 A (formerly Section 5) of the South Carolina Supreme Court's disciplinary rules provides for five sanctions for misconduct ranging from private reprimand to permanent disbarment. S.C.Code Ann. Vol. 22, *Court Rules* (1986 Supp.), p. 241.

Pursuant to Section 8 A (formerly Section 6) "[a] person disbarred shall never be readmitted to the practice of law in this state." *Id.* at 244.

the South Carolina Supreme Court's order disbarring Czura and that plaintiff's action was further barred by the doctrine of *res judicata.*

This appeal followed.

## II.

On appeal, Czura contends that the district court erred in construing his action as a challenge to his attorney disciplinary case. According to appellant, his action represented a direct attack on the constitutionality of the South Carolina Supreme Court's permanent disbarment rule rather than an attack on the order of disbarment in his particular case. We disagree.[2]

In *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983), the United States Supreme Court addressed the question of the jurisdiction of federal courts to consider actions challenging bar admission rules and proceedings. In *Feldman,* the Court held that district courts have no power to review state court decisions in such proceedings and that the sole method available to persons who wish to challenge those decisions is to seek review in the United States Supreme Court. *Feldman* made clear that this rule applied even to constitutional claims where such claims "are inextricably intertwined with the state court's denial in a judicial proceeding of a particular plaintiff's application for admission to the state's bar." *Id.* at 482-83, n. 16, 103 S.Ct. at 1315-16, n. 16. Under *Feldman,* district courts have subject matter jurisdiction only over "general challenges to state bar rules, promulgated by state courts in nonjudicial proceedings, which do not require review of a final state-court judgment in a particular case. *Id.* at 486, 103 S.Ct. at 1317.

Upon consideration of the record, briefs, and oral argument in this case, it is clear that Czura, despite his contentions to the contrary, is attacking the decision of the South Carolina Supreme Court permanently disbarring him from the practice of law.

**2.** Czura also contends that his present claim is not barred by *res judicata.* Because of our disposition, we do not address that contention.

Appellant's complaint contains no request for a general determination of the constitutionality of South Carolina's permanent disbarment rule and does not even refer to such a rule. His action was, therefore, correctly construed by the district court as necessarily tied to his disbarment proceeding and was properly dismissed under *Feldman.*

## III.

For the foregoing reasons, the judgment of the district court is affirmed.

AFFIRMED.