Trevor L. BROOKS, Plaintiff–
Appellant,

v.

Michael ROSS, Attorney
at Law, Defendant,

New York State Supreme Court, Appellate Division First Department, Thomas J. Cahill, Chief Counsel and Raymond Vallejo, Attorney for Disciplinary Committee, Defendants–Appellees.

No. 02–9062.

United States Court of Appeals, Second Circuit.

Aug. 18, 2003.

Trevor Brooks, Brooklyn, NY, pro se.

David Lawrence III, Assistant Solicitor General, New York State Attorney General's Office, New York, NY, for Defendants–Appellees.

Present: POOLER, SACK, Circuit Judges.[1]

### SUMMARY ORDER

Trevor Brooks, a disbarred attorney, filed this action against the defendants-appellees and his counsel, Michael Ross, alleging racial discrimination in violation of 42 U.S.C. §§ 1981, 1983 & 1985. Brooks alleged that the Disciplinary Committee of the New York State Supreme Court, Appellate Division, First Department ("the Disciplinary Committee") and two of its attorneys, Thomas J. Cahill and Raymond Vallejo, unlawfully recommended his disbarment. Brooks also predicated his action upon the decision of the New York State Supreme Court, Appellate Division, First Department ("the Appellate Division") to adopt the recommendation. The United States District Court for the Eastern District of New York (Reena Raggi, *District Judge* ) denied Brooks's request for injunctive relief in the form of reinstatement to the practice of law or a hearing regarding the alleged violations and dismissed Brooks's action pursuant to 28 U.S.C. § 1915(e)(2) without providing him the opportunity to amend his complaint. Brooks now appeals that judgment.

■ We affirm the district court's judgment with respect to the defendants-appellees on the basis that there is no subject matter jurisdiction under the *Rooker–Feldman* doctrine, which provides that "inferior federal courts have no subject matter jurisdiction over cases that *effectively seek review* of judgments of state courts and that federal review, if any, can occur only by way of a certiorari petition to the Supreme Court." *Moccio v. New York State Office of Court Admin.*, 95 F.3d 195, 197 (2d Cir.1996) (emphasis added); *see also District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476–85, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 414–16, 44 S.Ct. 149, 68 L.Ed. 362 (1923). Brooks essentially challenges his disbarment, and we have held that the *Rooker–Feldman* doctrine "clearly applies to federal district court challenges to attorney disciplinary orders rendered by state courts in judicial proceedings." *Zimmerman v. Grievance Comm. of the Fifth Judicial Dist. of the State of New York*, 726 F.2d 85, 86 (2d Cir.1984); *see also Sassower v. Mangano*, 927 F.Supp. 113, 119–20 (S.D.N.Y.1996), *aff'd*, 122 F.3d 1057 (2d Cir.1997).

■ We note that the claims against Ross are not properly part of this appeal because service was defective. Regardless, we affirm the district court's decision to deny Brooks the opportunity to cure this defect. Brooks cannot maintain his claim under 42 U.S.C. § 1983 because Ross was not a state actor. *See Polk County v. Dodson*, 454 U.S. 312, 318, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981). Moreover, Brooks does not allege that Ross violated 42 U.S.C. §§ 1981 & 1985, as he

1. The Honorable Richard C. Wesley was originally assigned as a member of the panel, but recused himself prior to oral argument and did not participate in the appeal. The appeal is being determined by the remaining members of the panel, who are in agreement. *See* 2d Cir. R. § 0.14(b); *Murray v. National Broad. Co.*, 35 F.3d 45, 46 (2d Cir.1994).

complains only that Ross committed professional misconduct.

Brooks is not entitled to leave to amend his complaint, as any such amendment would be futile. *See Acito v. IMCERA Group Inc.*, 47 F.3d 47, 55 (2d Cir.1995). We have considered Brooks's remaining arguments and find them to be without merit. Based upon the foregoing, the judgment of the United States District Court for the Eastern District of New York is affirmed.