Neroni v. Zayas

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of September, two thousand sixteen.

PRESENT:
> **DENNIS JACOBS,**
> **BARRINGTON D. PARKER,**
> **DEBRA ANN LIVINGSTON,**
> > *Circuit Judges.*

_____

**Frederick J. Neroni,**

> *Plaintiff-Appellant*,

> v.                                                          **15-2030**

**Steven D. Zayas, Attorney, Committee of Professional Standards, New York State Supreme Court, Appellate Division, 3rd Judicial Department, In his official and individual capacity, et al.,**

> *Defendants-Appellees*.

_____

**FOR PLAINTIFF-APPELLANT:**          Frederick J. Neroni, pro se, Pawleys Island, SC.

**FOR DEFENDANTS-APPELLEES:**       Andrew B. Ayers, Senior Assistant Solicitor General
                                                             of Counsel, Andrea Oser, Deputy Solicitor General,

Barbara D. Underwood, Solicitor General, Eric T. Schneiderman, Attorney General of the State of New York,  Albany, NY.

Porter L. Kirkwood, County Attorney, Delaware County Attorney's Office, Delhi, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Kahn, *J*.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Frederick Neroni, a disbarred lawyer appearing pro se, appeals from the district court's dismissal of his 42 U.S.C. § 1983 complaint, which challenged the proceedings surrounding his disbarment, the state laws that prohibit him from engaging in the unauthorized practice of law, and the denial of access to his disciplinary file.  We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review the dismissal of a complaint for lack of jurisdiction and failure to state a claim, as well as a grant of judgment on the pleadings, de novo.  *L-7 Designs, Inc. v. Old Navy*, 647 F.3d 419, 429 (2d Cir. 2011) (judgment on the pleadings); *Jaghory v. N.Y. State Dep't of Educ.*, 131 F.3d 326, 329 (2d Cir. 1997) (lack of jurisdiction and failure to state a claim).  We review the denial of a motion to recuse for abuse of discretion.  *United States v. Amico*, 486 F.3d 764, 773 (2d Cir. 2007).

**I.**    *Rooker-Feldman*

"Under the *Rooker-Feldman* doctrine, federal district courts lack jurisdiction over cases that essentially amount to appeals of state court judgments."  *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014).  The *Rooker-Feldman* doctrine is applied if: "(1)

the federal-court plaintiff lost in state court; (2) the plaintiff complains of injuries caused by a state court judgment; (3) the plaintiff invites review and rejection of that judgment; and (4) the state judgment was rendered before the district court proceedings commenced." *Id.* (internal quotation marks and alterations omitted). *Rooker-Feldman* does not preclude federal court review of "executive . . . determinations made by a state administrative agency." *Verizon Maryland, Inc. v. Pub. Serv. Comm'n*, 535 U.S. 635, 644 n.3 (2002). It does, however, preclude federal court review of decisions by "agencies that are appropriately characterized as arms of the state judiciary *qua* judiciary, either because they exercise powers that are inherent to the judiciary, or because the state has provided mechanisms for judicial review of their determinations that distinguish those determinations from other types of state administrative action." *Mitchell v. Fishbein*, 377 F.3d 157, 166 (2d Cir. 2004).

Upon review, we agree with the district court that Neroni's challenges to his disbarment are barred by the *Rooker-Feldman* doctrine. The record shows that Neroni lost in state court, the underlying injury complained of was his disbarment, he invited federal court review of his disbarment order, and he filed his complaint after the state court order was entered. Neroni's argument that his disbarment was an administrative decision is meritless because attorney discipline is a power inherent to the judiciary. *See id.* (observing that *Rooker-Feldman* precluded federal court review of "determination by a state bar committee that an insurance company had engaged in the unauthorized practice of law"); *Zimmerman v. Grievance Comm. of the Fifth Judicial Dist. of the State of New York*, 726 F.2d 85, 86 (2d Cir. 1984) (concluding that *Rooker-Feldman* "clearly applies to federal district court challenges to attorney disciplinary orders rendered by state courts in judicial proceedings").

3

## II.   Unauthorized Practice of Law

Neroni challenges New York's law governing the unauthorized practice of law.  These claims are non-justiciable.  "To be justiciable, a cause of action must be ripe—it must present a real, substantial controversy, not a mere hypothetical question."  *Nat'l Org. for Marriage v. Walsh*, 714 F.3d 682, 687 (2d Cir. 2013) (internal quotation marks omitted).  A litigant is not required "to expose himself to liability before bringing suit to challenge the basis" of a threat of prosecution.  *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 128-29 (2007).  However, "[a] plaintiff bringing a pre-enforcement facial challenge against a statute" must show that he "has an actual and well-founded fear that the law will be enforced against" him.  *Vermont Right to Life Comm., Inc. v. Sorrell*, 221 F.3d 376, 382 (2d Cir. 2000) (internal quotation marks omitted).  Even if a plaintiff shows that he has a well-founded fear of prosecution, he must also establish "prudential ripeness," which requires "both the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration."  *Walsh*, 714 F.3d at 691 (internal quotation marks omitted).  "The 'fitness' analysis is concerned with whether the issues sought to be adjudicated are contingent on future events or may never occur," and "[i]n assessing this possibility of hardship, we ask whether the challenged action creates a direct and immediate dilemma for the parties."  *Id.* (internal quotation marks omitted).

Here, the district court concluded that a litany of Neroni's challenges to New York's unauthorized practice of law provisions (e.g., his argument that they prevented him from writing about or teaching the law) were non-justiciable because he did not plead a well-founded fear of prosecution.  Neroni cannot articulate a well-founded fear of prosecution because he has not "established a basis for concluding that enforcement [of these provisions] against [him] is even

4

remotely likely." *Hedges v. Obama*, 724 F.3d 170, 202 (2d Cir. 2013). Moreover, even assuming that Neroni could show a well-founded fear of prosecution, he has failed to establish "prudential ripeness" because his claims "are contingent on future events or may never occur" and there is no "direct and immediate dilemma for the parties." *Walsh*, 714 F.3d at 691 (internal quotation marks omitted).

**III.    Recusal**

The district court did not abuse its discretion by denying Neroni's recusal motion because he failed to show that the district judge was biased against him. Notwithstanding the fact that Neroni's wife previously sued the district judge and seven other judges on the Northern District, the "evidence establishes no more than that the court ruled against" him. *See In re Basciano*, 542 F.3d 950, 956 (2d Cir. 2008).

*    *    *

We have considered all of Neroni's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5