*Jones v. State of New York*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of February, two thousand twenty-five.

Present:
> SUSAN L. CARNEY,
> MICHAEL H. PARK,
> WILLIAM J. NARDINI,
> *Circuit Judges.*

---

DARYLL BOYD JONES,

> *Plaintiff-Appellant,*

v.                                                                                  23-689

STATE OF NEW YORK, THE JUDGES OF THE APPELLATE DIVISION: SECOND DEPARTMENT OF THE STATE OF NEW YORK,

> *Defendants-Appellees.\**

---

FOR PLAINTIFF-APPELLANT:            DARYLL BOYD JONES, pro se, Laurelton, NY.

FOR DEFENDANTS-APPELLEES:        JOSHUA N. COHEN (Barbara D. Underwood, Ester Murdukhayeva, *on the brief*), *for* Letitia James, Attorney General, State of New York.

---

\* The Clerk of Court is respectfully directed to amend the caption accordingly.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Chen, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED AS MODIFIED**.

Appellant Daryll Jones gained admission to the New York bar in 1993. In 2008, the Appellate Division, Second Department suspended him from the practice of law for five years based on eleven charges of professional misconduct. After his suspension ended in 2013, Jones applied for reinstatement. But the Second Department denied his application, finding that Jones did not "demonstrate the requisite fitness and character to practice law." Joint App'x at 125. Jones reapplied unsuccessfully five more times and the Second Department denied those applications in 2014, 2015, 2016, 2017, and 2018. In 2020, the Second Department denied Jones's most recent application "with leave to renew upon providing proof of timely passage of the MPRE . . . and completion of sufficient CLE credits." *Id*. at 129. Jones sued the State of New York and the judges of the Appellate Division of the Second Department, claiming that he was unlawfully denied reinstatement. On March 31, 2023, the district court held that his claims against the State were barred by the Eleventh Amendment and that his claims against the judges were barred by judicial immunity. *See Jones v. New York*, No. 21-3776, 2023 WL 2734793 (E.D.N.Y. Mar. 31, 2023).

On appeal, Jones challenges the allegedly "arbitrary and discriminatory application of New York's attorney reinstatement requirements" and "gross procedural violations of the Second

2

Appellate Division Judges." Appellant's Reply Br. at 1.[1] Defendants argue that the Eleventh Amendment bars Jones's claims against the State and state-court judges, that the judges enjoy judicial immunity from claims for injunctive relief, that the *Rooker-Feldman* doctrine and collateral estoppel bar Jones's claims, and that Jones failed to state a plausible claim for relief. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

"In considering whether a governmental entity is entitled to Eleventh Amendment sovereign immunity, we review the district court's factual findings for clear error and its legal conclusions *de novo*." *Leitner v. Westchester Cmty. Coll.*, 779 F.3d 130, 134 (2d Cir. 2015). We also review de novo a district court's ruling on a motion to dismiss based on judicial immunity. *See Butcher v. Wendt*, 975 F.3d 236, 241 (2d Cir. 2020); *see also Barone v. Lawyers' Fund for Client Prot.*, 2023 WL 1975783, at *2 (2d Cir. Feb. 14, 2023). "It is well established that a court is ordinarily obligated to afford a special solicitude to *pro se* litigants." *Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010). But "a lawyer representing himself ordinarily receives no such solicitude at all." *Id*. at 102.

"Absent proper Congressional abrogation or State waiver, the Eleventh Amendment bars a federal court from hearing suits at law or in equity against a State brought by citizens of that State or another." *Vega v. Semple*, 963 F.3d 259, 281 (2d Cir. 2020). "The immunity

---

[1] In his brief, Jones suggests that the denial of his latest application with leave to renew "upon providing proof of timely passage of the MPRE . . . and completion of sufficient CLE credits" was pretext designed to allow the court or its judges to avoid making a merits decision. Joint App'x at 129. But the text of Section 1240.16 is clear that an attorney seeking reinstatement "shall" as part of their application "include . . . proof that the respondent has" within "one year prior to the date the application is filed" successfully completed the MPRE. *See* 22 N.Y.C.R.R. § 1240.16(b). Jones's argument thus fails.

3

recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Woods v. Rondout Valley Cent. Sch. Dist. Bd. of Educ.*, 466 F.3d 232, 236 (2d Cir. 2006) (cleaned up). This immunity bars Jones's suit against New York State and the Second Department, which is a state entity. *See Gollomp v. Spitzer*, 568 F.3d 355, 365 (2d Cir. 2009) ("The claims against . . . the State of New York, and the Unified Court System . . . are barred by the Eleventh Amendment.").

That leaves the state-court judges. The Eleventh Amendment "does not preclude suits against state officers in their official capacity for prospective injunctive relief to prevent a continuing violation of federal law." *Henrietta D. v. Bloomberg*, 331 F.3d 261, 287 (2d Cir. 2003). But that exception—the *Ex parte Young* exception—applies only if a complaint "(1) alleges an ongoing violation of federal law; and (2) seeks relief properly characterized as prospective." *Vega*, 963 F.3d at 281; *see generally Ex parte Young*, 209 U.S. 123 (1908). Although Jones claims to seek prospective relief for ongoing harm, he asks us to reverse the denial of his reinstatement motions and to expunge his disciplinary record. Such relief would be retrospective. *See T.W. v. N.Y. State Bd. of L. Exam'rs*, 110 F.4th 71, 92-95 (2d Cir. 2024).

Still, we need not decide whether the *Ex parte Young* exception applies or reach the parties' alternative arguments, because the district court correctly concluded that the state-court judges are protected by judicial immunity. "Judges are granted absolute immunity from liability for acts taken pursuant to their judicial power and authority." *Oliva v. Heller*, 839 F.2d 37, 39 (2d Cir. 1988). Judicial immunity "is overcome in only two sets of circumstances." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). *First*, when judges engage in "nonjudicial actions, *i.e.,* actions not taken

4

in the judge's judicial capacity." *Id.* *Second*, when judges act "in the complete absence of all jurisdiction." *Id.* at 12.

Jones claims that both exceptions apply here. He argues that the judges exceeded their authority because the Committee on Character and Fitness is "singularly authorized" to make character and fitness decisions. Appellant's Br. at 12 (emphasis omitted). And he maintains that the decision to deny reinstatement qualifies as a non-judicial act because "[e]valuating an attorney's compliance with reinstatement requirements, such as MPRE passage and CLE credits, is an *administrative act*." Appellant's Reply Br. at 5. Neither argument has merit.

"Disciplinary proceedings before the New York Appellate Division are judicial in nature." *Zimmerman v. Grievance Comm. of Fifth Jud. Dist. of State of N.Y.*, 726 F.2d 85, 86 (2d Cir. 1984). A state court "alone admits an applicant to practice before it," such that the "power to discipline, like the power to admit an applicant to membership of the bar, rests exclusively with the court." *Erdmann v. Stevens*, 458 F.2d 1205, 1208-09 (2d Cir. 1972). In finding that Jones failed to satisfy New York State's requirements for readmission, the judge defendants engaged in judicial acts within their jurisdiction. *See id*. at 1208 ("Although a state court may perform non-judicial functions . . . its conduct of disciplinary proceedings with respect to those admitted to practice before it amounts to a judicial inquiry."). The judges are thus protected against this claim by absolute judicial immunity.[2]

---

[2] Section 1983 provides that "injunctive relief shall not be granted" in an action against a judicial officer in their judicial capacity "unless . . . declaratory relief was unavailable." Jones argues that declaratory relief is "unavailable" to him because the New York Court of Appeals declined to address the merits of his state court appeal seeking such relief. In his operative complaint, however, Jones failed to allege adequately that declaratory relief was unavailable to him. In light of this failure, absolute immunity bars his claim for injunctive relief. *See Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999).

*     *     *

We have considered all of Jones's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court, except that the portion dismissing Jones's claims against the State of New York is **MODIFIED** to reflect that the dismissal is without prejudice.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court