**James LEPLEY, Plaintiff,**

v.

**Raymond H. DRESSER, Jr., et al., Defendants.**

**No. K86–199 CA4.**

United States District Court, W.D. Michigan, S.D.

Jan. 8, 1988.

---

James Lepley, Burr Oak, Mich., in pro. per.

Dennis C. Kolenda, Grand Rapids, Mich., for Michael Schwartz and John F. Van Bolt.

Joan P. Vestrand, Detroit, Mich., for Joseph F. Regnier.

Miller, Canfield, Paddock and Stone by Charles E. Ritter, Kalamazoo, Mich., for Raymond Dresser, Roger A. Bird and William P. Marks.

Early, Lennon, Peters & Crocker by John T. Peters, Jr., Kalamazoo, Mich., for James Noeckers.

## OPINION

BENJAMIN F. GIBSON, District Judge.

Plaintiff James Lepley ("Lepley") filed this lawsuit seeking money damages for alleged civil rights violations and violations of state law. Named as defendants are William P. Marks, John Svendsen, and Roger A. Bird, private attorneys; Raymond H. Dresser, Jr., Treasurer of the State Bar of Michigan; James Noecker, a Michigan Circuit Court Judge; Joseph Regnier, Executive Director of the Michigan Judicial Tenure Commission; Michael Alan Schwartz, Michigan Attorney Grievance Commission Administrator; and John F. Van Bolt, Associate Counsel for the Michigan Attorney Grievance Commission. Plaintiff, an attorney licensed to practice in the State of Michigan, alleges numerous acts of misconduct on the part of the defendants in connection with 1) legal proceedings in state court, 2) proceedings before the Attorney Grievance Commission, and 3) an investigation by the Judicial Tenure Commission. The defendants have filed motions for dismissal or summary judgment pursuant to Federal Rules of Civil Procedure 12 and 56. Plaintiff has filed no response to these motions although given ample opportunity to do so. For reasons stated below, the Court finds that the motions for dismissal or summary judgment must be granted and the instant lawsuit dismissed.

## I. STANDARD OF REVIEW

A motion for dismissal should only be granted where it is established that plaintiff can prove no facts which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). In contrast, to warrant the grant of summary judgment, the moving party must establish the non-existence of any genuine issue of fact that is material to a judgment in his favor. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 147, 90 S.Ct. 1598, 1603, 26 L.Ed. 2d 142 (1970); *United States v. Articles of Device ... Diapulse*, 527 F.2d 1008, 1011 (6th Cir.1976). In deciding whether or not there are issues of fact requiring a trial, "the inferences to be drawn from the underlying facts contained in the affidavits, attached exhibits, and depositions must be viewed in the light most favorable to the party opposing the motion." *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962); *Bohn Aluminum & Brass Corp. v. Storm King Corp.*, 303 F.2d 425 (6th Cir.1962). If, however, the moving party establishes that the respondent has failed to produce any evidence in support of an essential element of his cause of action, then summary judgment may properly be granted in the movant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 2505, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

## II. RELEVANT FACTS

Count I of Lepley's complaint alleges that, sometime prior to January 24, 1983, defendants Dresser, Marks and Bird entered into an agreement with defendant Noecker to "fix" two cases then pending before Judge Noecker, File Nos. 82–346 and 82–601. Plaintiff alleges that defendants Marks and Bird publicly stated on January 24, 1983, that there was such an agreement. Plaintiff further alleges that Judge Noecker thereafter improperly dismissed claims against the "Dresser Law Office."

Count II of plaintiff's complaint alleges that on or about September 19, 1983, defendant Noecker filed a formal complaint with the Attorney Grievance Commission, falsely accusing plaintiff of lying about the alleged statements of Marks and Bird and falsely accusing Judge Noecker of agreeing to fix a case. Plaintiff alleges that Marks and Bird lied to the grievance investigator and perjured themselves at the

hearing. Plaintiff further asserts that Dresser, as Treasurer of the State Bar, used his budgetary control over the Grievance Commission to force or encourage the filing of a false complaint.

Count III of plaintiff's complaint alleges that defendant Schwartz authorized the filing of a false complaint with the Attorney Grievance Commission accusing plaintiff of misconduct. It is plaintiff's contention that the filing of said complaint denied plaintiff due process and equal protection under the law. Plaintiff further contends that the filing of the false complaint was libelous. Count IV of plaintiff's complaint challenges defendant Schwartz's action in dismissing a complaint filed by plaintiff requesting investigation of the conduct of defendants Marks, Bird and Van Bolt during the January 30, 1985 hearing before a panel of the Attorney Grievance Commission. Plaintiff also challenges Schwartz's action in filing a second complaint with the Attorney Grievance Commission, "falsely accusing plaintiff of acts of moral turpitude." Plaintiff contends that Schwartz's action with respect to the investigation and the filing of the second complaint denied plaintiff due process and equal protection under the law. Plaintiff also contends that the filing of the second complaint was libelous.

Count V alleges that Regnier improperly filed a grievance against plaintiff accusing him of making false statements in various lawsuits and in a complaint filed with the Judicial Tenure Commission. Plaintiff further alleges that the complaint was filed on behalf of Dresser to "shut the plaintiff up." Count VI alleges that all of the defendants conspired to "cover up" the criminal misconduct of Dresser, the Dresser Law Office, and Van Bolt.

It is plaintiff's contention that the alleged misconduct resulted in a violation of his constitutional rights and that the statements made constituted slander or libel under state law.

### III. ANALYSIS

A. *Agreements to "Fix" Lawsuits.*

Plaintiff alleges that defendants Mark, Dresser and Bird conspired with Judge Noecker to "fix" two lawsuits, *Branch County Bank v. James Lepley, et al.*, File No. 82–346 ("File No. 346"), and *Fred Lepley v. Roger A. Bird, et al.*, File No. 82–601 ("File No. 601"). A review of the pleadings and the evidence presented relevant to plaintiff's allegations reveals that plaintiff has failed to state a cause of action with respect to these claims.

In order to maintain a cause of action under 42 U.S.C. Section 1983, plaintiff must have standing to seek relief. *Smith v. City of Cleveland Heights,* 760 F.2d 720, (6th Cir.1985). The standing doctrine limits the judicial power of the federal courts to only those parties who demonstrate "injury in fact." *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.,* 454 U.S. 464, 473, 102 S.Ct. 752, 759, 70 L.Ed.2d 700 (1982). There are three components to the "injury in fact" requirement. First, plaintiff must show that he personally has suffered injury, either actual or threatened, "as a result of the putatively illegal conduct of the defendants." *Gladstone Realtors v. Village of Bellwood,* 441 U.S. 91, 99 S.Ct. 1601, 60 L.Ed.2d 66 (1979). Second, plaintiff must show that the injury "fairly can be traced to the challenged action of the defendant." *Simon v. Eastern Kentucky Welfare Rights Organization,* 426 U.S. 26, 41, 96 S.Ct. 1917, 1926, 48 L.Ed.2d 450 (1976). Finally, plaintiff must establish that the injury "is likely to be redressed by a favorable decision." *Simon,* 426 U.S. at 38, 96 S.Ct. at 1924.

It is undisputed that James Lepley was not a party to lawsuit in File No. 601. He provided legal representation to Fred Lepley. As an attorney in that lawsuit, plaintiff had no personal stake in the proceedings. Thus, plaintiff could not have suffered any personal injury which could be traced to the defendants' alleged misconduct. Since plaintiff had no personal stake in the lawsuit, he lacks standing to challenge the defendants' conduct. *Warth v. Seldin,* 422 U.S. 490, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975).

■ With respect to File No. 346, plaintiff has failed to offer any evidence to support his claim of a conspiracy to "fix" that lawsuit. In any event, plaintiff has failed to present any evidence that a constitutional violation occurred with respect to File No. 346. The undisputed facts presented establish that Judge Noecker disqualified himself from the proceedings prior to disposition of the lawsuit. The case was reassigned to Judge Bosman and a trial on the merits was held. The jury returned a verdict in favor of Branch County Bank which Lepley did not appeal. There is simply no evidence that a constitutional violation occurred with respect to File No. 346. In order to maintain a Section 1983 claim, plaintiff must first establish that a violation of constitutional dimension occurred. *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981). Failure to establish a constitutional violation is fatal to plaintiff's claim. The Court finds that plaintiff has failed to state a cognizable claim with respect to the activities of the defendants in connection with File No. 346.

In addition to his substantive claims, plaintiff has alleged that the defendants conspired to deny him his constitutional rights in violation of Section 1983. Defendants have moved for dismissal or summary judgment on plaintiff's claims. Since matters outside the pleadings have been submitted, the motion is treated as one for summary judgment. *See* Fed.R.Civ.Proc. 12, 56.

■ For a Section 1983 conspiracy to survive a motion for summary judgment, specific facts showing either the existence or the execution of the claimed conspiracy must be set forth by the plaintiff. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Dykes v. Hosemann*, 743 F.2d 1488, 1498 (11th Cir. 1984). Furthermore, these facts must show overt acts related to the promotion of the conspiracy and some link between the alleged conspirators. Finally, plaintiff must present facts that the conspirators agreed to commit an act which deprived the plaintiff of a right, privilege or immunity secured by the Constitution or the laws of the United States. *Hobson v. Wilson*, 737 F.2d 1, 51 (D.C.Cir.1984). It is essential that the conspiratorial conduct in fact resulted in a violation of plaintiff's constitutional rights. *Vaden v. Village of Maywood, Illinois*, 809 F.2d 361, 366 (7th Cir. 1987).

■ The evidence presented is such that, other than the alleged agreement to "fix" File No. 601, which plaintiff lacks standing to challenge, no reasonable juror could infer that a conspiracy to violate plaintiff's civil rights existed or that the defendants participated in that conspiracy either actively or passively. More importantly, there is no evidence that a violation of plaintiff's constitutional rights actually occurred as a result of the challenged conduct. This deficiency is fatal to plaintiff's substantive Section 1983 claim and is likewise fatal to plaintiff's conspiracy claim. *See Vaden, supra.*

B. *Proceedings Before the Judicial Tenure Commission and the Attorney Grievance Commission.*

■ Plaintiff challenges the actions of various defendants in connection with proceedings before the Judicial Tenure Commission and the Attorney Grievance Commission. The Michigan Supreme Court has exclusive jurisdiction over the admission and discipline of Michigan attorneys. *Ginger v. Wayne County Circuit Court*, 372 F.2d 621 (6th Cir.1967). Federal district courts lack jurisdiction to review the merits of disciplinary proceedings conducted by or on behalf of the Michigan Supreme Court. *Id.* The exclusive remedy for violations of federal constitutional rights which arise during the course of the disciplinary process is a petition for a writ of certiorari to the Supreme Court of the United States. *Zimmerman v. Grievance Committee of the 5th Judicial District of the State of New York*, 726 F.2d 85 (2d Cir.1984). Although plaintiff's complaint is couched in terms of a Section 1983 claim, it is questionable whether this Court has jurisdiction over those portions of plaintiff's complaint which are directly related to proceedings

before the Attorney Grievance Commission. *See Zimmerman v. Grievance Committee of the Fifth Judicial District of the State of New York*, 726 F.2d 85 (2d Cir. 1984); *Clulow v. State of Oklahoma*, 700 F.2d 1291 (10th Cir.1983).

■ However, assuming for purposes of deciding this motion that the Court does have jurisdiction over plaintiff's claim as it relates to proceedings before the disciplinary board, the Court finds that plaintiff has failed to allege actionable conduct with respect to those proceedings. The Attorney Grievance Commission is the prosecution arm of the Michigan Supreme Court, established to carry out the Court's duties to regulate and supervise the practice of law within the State of Michigan. M.C.L.A. § 600.904; M.C.R. 9.108. Defendants Schwartz and Van Bolt were, at the time the alleged wrongful conduct occurred, members of the staff of the Attorney Grievance Commission. The conduct complained of is directly related to Schwartz's and Van Bolt's performance of duties pertaining to proceedings before the board. Both defendants were performing "quasi-judicial" functions delegated by the Michigan Supreme Court and the Michigan legislature. *See* M.C.L.A. § 600.907. As a result, the defendants are entitled to the same immunity from suit which would be available if those functions were performed directly by the Michigan Supreme Court. *See Sparks v. Kentucky Character and Fitness Committee*, 818 F.2d 541 (6th Cir. 1987). "Absolute judicial immunity 'attaches to public officials who perform quasi-judicial duties.'" *Id.* at 543. The activities performed by Van Bolt and Schwartz are functionally equivalent to those which would be performed by the Michigan Supreme Court in the absence of delegation. The acts are "inherently judicial." As a result, defendants Schwartz and Van Bolt are absolutely immune from liability for their activities in investigating and prosecuting complaints before the Grievance Commission.

■ The Judicial Tenure Commission performs analogous functions with respect to state court judges. The commission, like the Attorney Grievance Commission, is under the direct supervision and control of the Michigan Supreme Court. Mich. Const. Art. 6 § 30; M.C.R. 9.208. As an officer of the commission, the Executive Director, Regnier, is charged with investigating complaints and initiating prosecutions of complaints concerning judicial misconduct. These activities are also "quasi-judicial" functions. *See Sparks, supra.* As a result, defendant Regnier is entitled to absolute immunity from civil liability for actions taken with respect to the Judicial Tenure Commission.

■ In addition to the activities of the above named defendants, plaintiff also challenges the activities of defendants Noecker, Bird, and Marks with respect to the proceedings before the Attorney Grievance Commission and the Judicial Tenure Commission. To the extent that plaintiff challenges statements made by these defendants as witnesses in proceedings before the Judicial Tenure Commission, the Court finds that plaintiff lacks standing to challenge those statements since plaintiff had no personal stake in the outcome of the proceedings. *Warth v. Seldin*, 422 U.S. 490, 95 S.Ct. 2197. To the extent that plaintiff challenges statements made before the Attorney Grievance Commission, the Court finds that plaintiff has failed to allege any constitutional deprivation which resulted from such testimony. In any event, the Court finds that witnesses who testify before both the Attorney Grievance Commission and the Judicial Tenure Commission are entitled to absolute immunity for statements given in the course of the proceedings. *See Briscoe v. LaHue*, 460 U.S. 325, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983).

■ In addition to the Section 1983 claims, plaintiff also raises state law claims relative to statements made in connection with filing complaints with the Attorney Grievance Commission and subsequent testimony given in connection with the proceedings before the commission. Michigan Court Rule 9.125 provides absolute immunity for statements made or given in the course of an investigation or proceeding on

alleged misconduct. This immunity applies to complainants as well as disciplinary officials and staff acting within the scope of their duties. Thus, plaintiff may not maintain a cause of action for libel or slander based on those statements and defendants are entitled to dismissal of those claims.

## IV.  CONCLUSION

In conclusion, the Court finds that defendants are entitled to dismissal or summary judgment with respect to plaintiff's Section 1983 cause of action. The Court further finds that plaintiff's cause of action for libel and/or slander under state law must also be dismissed. Having dismissed all of plaintiff's claims, the instant lawsuit is dismissed with prejudice and without costs. Having determined that defendants' motions for dismissal or summary judgment should be granted, the Court need not address the remaining arguments raised by the defendants.