**Vernon B. PRESSLEY, Plaintiff,**

v.

**Robert BROWN, Jr., et al., Defendants.**

**No. M89–10252 CA.**

United States District Court,
W.D. Michigan, N.D.

Dec. 28, 1990.

Vernon B. Pressley, Jackson, Mich., pro se.

Frank J. Kelley, Atty. Gen. by Linda M. Olivieri, Lansing, Mich., for defendants.

## OPINION

HILLMAN, Chief Judge.

This is a 42 U.S.C. § 1983 action filed *pro se* by plaintiff Vernon B. Pressley, an inmate at Marquette Branch Prison, against defendants Robert Brown Jr., director of the Michigan Department of Corrections, and John Hawley, warden of Marquette Branch Prison. Pressley claims that exercise restrictions have been unconstitutionally imposed on him in violation of

the eighth and fourteenth amendments. On September 28, 1990, U.S. Magistrate Timothy P. Greeley issued a report and recommendation that recommended granting defendants' motion for summary judgment. After reviewing Pressley's timely objections *de novo* as required by 28 U.S.C. § 636(b)(1), the court finds that summary judgment should be granted in part and denied in part for the reasons set forth in this opinion.

## BACKGROUND

Pressley's complaint arises out of restrictions on exercise from June 1989 to August 1989 when he was placed in punitive segregation with loss of privileges as a result of misconduct convictions for disobeying direct orders and excessive noise. It is not the multiple misconduct convictions that are at issue, but rather the penalties.

Pressley alleges that the denial of out-of-cell exercise time during his reclassification to segregation with loss of privileges violated his constitutional protections of liberty and against cruel and unusual punishment. He claims that these disciplinary actions have deprived him of a state-created liberty interest in a minimum of 1 hour of exercise daily, 5 days per week. To support his claim, he cites a 1988 opinion by Ingham County Circuit Judge Harrison, which held that "prisoners who are not in 'punitive segregation' are entitled to a minimum of one hour per day, five days per week of out-of-cell exercise, subject to safety or security factors as determined within the discretion of the Department of Corrections." *Ashley v. Michigan Dep't of Corrections*, No. 87–58884–cz, (Ingham County Circuit Court, Sept. 28, 1988).

Pressley alleges that the restrictions on exercise have resulted in psychological damage, physical deterioration, depression, stomach and bowel problems, and general suffering. As a remedy, he seeks declaratory and injunctive relief, as well as $50 for every day in which he has been deprived out-of-cell exercise and an additional $15,000 from each defendant.

In moving for summary judgment, Brown and Hawley acknowledge that

Pressley was denied exercise time for 30–day periods as one of the loss of privileges resulting from his disciplinary confinement in administrative segregation. But defendants assert that, after each 30–day period without yard privileges, Pressley was afforded a period of 7 days during which he received 5 days with opportunities to exercise. They claim that this treatment was in accordance with Department of Corrections policy directive PD–DWA–60.01, which states that no prisoner may be deprived of exercise for more than 30 days without a break of 7 days.

In support of their position, Brown and Hawley provide an affidavit by Hawley that attests to compliance with the policy directive, with reference to the specific dates that Pressley was allowed to exercise. In addition, defendants offer daily special housing unit records from Marquette Branch prison that appear to show the dates and times that Pressley either received or refused exercise during the period in question.

In his response opposing summary judgment, Pressley does not contravene the Hawley affidavit or prison records indicating that he received exercise opportunities between 30–day periods with loss of privileges. In an affidavit, he states, "[A]t no time during the time of me being on 'Loss of Privilege' was I permitted outdoor exercise until I had done 30 days, and had to do another 30 days before I was permitted outdoor exercise again." In his objections to Magistrate Greeley's report and recommendation, Pressley asserts that he is entitled to daily exercise in prison regardless of his disciplinary status.

## DISCUSSION

### Standard for summary judgment

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The crux of summary judgment is determining "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52, 106 S.Ct. 2505, 2511–12, 91 L.Ed.2d 202 (1986). In making this determination, the court must examine the record as a whole by reviewing all pleadings, depositions, affidavits and admissions on file, drawing all justifiable inferences in favor of the party opposing the motions. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Kramer v. Bachan Aerospace Corp.*, 912 F.2d 151, 153–54 (6th Cir.1990). If the moving party demonstrates there is an absence of evidence supporting the non-moving party's case, the party opposing the motion must come forward with specific facts showing that there is a genuine issue for trial. *Matsushita*, 475 U.S. at 587, 106 S.Ct. at 1356; *Kramer*, 912 F.2d at 153–54. To sustain this burden, the non-moving party cannot rest on the mere allegations of the pleadings. *Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553; Fed.R.Civ.P. 56(e). Rather, the non-moving party must come forward with specific facts to support its claims and show there is a genuine issue for trial. *Id.*

In recent years, the Supreme Court has encouraged the use of summary judgment where appropriate to ensure just, speedy and efficient determinations in each case. *Celotex*, 477 U.S. at 327, 106 S.Ct. at 2555 (1986); *Daughenbaugh v. Bethlehem Steel Corp.*, 891 F.2d 1199, 1205 (6th Cir.1989). Indeed, the Sixth Circuit has recognized that the federal courts have entered a "new era" in summary judgment practice. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478–81 (6th Cir.1989). As a result, mere allegations in support of the non-moving party are inadequate because "the mere existence of a scintilla of evidence in support of the positions will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson*, 477 U.S. at 252, 106

S.Ct. at 2512; *Cloverdale Equip. Co. v. Simon Aerials, Inc.*, 869 F.2d 934, 937 (6th Cir.1989).

■ While courts should construe *pro se* claims by prisoners liberally in accordance with *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), summary judgment may still be entered when appropriate because even prisoners cannot rely solely on the allegations in pleadings. *See Quam v. Minnehaha County Jail*, 821 F.2d 522 (8th Cir.1987).

*Liberty interest claims*

■ The fourteenth amendment prohibits a state from depriving any person of "life, liberty, or property without due process of law...." U.S. Const. amend. XIV. The Supreme Court has held that a liberty interest may arise from the due process clause itself or from state law. *Hewitt v. Helms*, 459 U.S. 460, 466, 103 S.Ct. 864, 868, 74 L.Ed.2d 675 (1983). The court finds that Pressley does not derive a liberty interest to regular exercise while in punitive segregation from either source.

■ It is axiomatic that classification of a prisoner into segregation with its attendant restrictions does not involve deprivation of a liberty interest independently protected by the due process clause. *Hewitt*, 459 U.S. at 467–68, 103 S.Ct. at 869. A liberty interest does not arise directly under the due process clause even when segregation imposes "severe hardships", including restrictions on exercise and confinement to a cell for long periods of time. Id. at 467 n. 4, 103 S.Ct. at 869 n. 4. *See Bailey v. Shillinger*, 828 F.2d 651, 652 (10th Cir.1987) (holding classification of prisoner into administrative segregation "did not involve deprivation of a liberty interest independently protected by the Due Process Clause").

■ Although a state may create through its own rules or regulations a protected liberty interest, no such state-made liberty interest exists in Michigan providing for regular exercise for all prisoners regardless of their classification or punitive status. A state may create such an inter-est when its rules or regulations employ "the repeated use of explicitly mandatory language in connection with requiring specific substantive predicates" to particular actions. *Hewitt*, 459 U.S. at 472, 103 S.Ct. at 871.

Pressley fails to point to any state policy mandating that prisoners in punitive segregation exercise on a 1 hour per day, 5 days per week basis, the amount of out-of-cell exercise time to which he claims all Michigan prisoners are entitled. In fact, Michigan Department of Corrections policy directive PD–DWA–61.01 specifically recognizes that prisoners sanctioned with loss of privileges for major misconduct convictions may be deprived of exercise for up to 30 consecutive days, after which prisoners receive 7 days with standard exercise privileges.

Pressley claims to rely on Judge Harrison's 1988 Ingham Circuit Court decision, but the express language of the opinion excepts prisoners in punitive segregation from a minimum exercise entitlement of 1 hour per day, 5 days per week. In addition, the decision qualifies the minimum exercise standard as being "subject to safety or security factors as determined within the discretion of the Department of Corrections." *Ashley*, at p. 3.

In sum, Pressley provides no basis for his claim that prisoners placed in punitive segregation with a loss of privilege due to prison misconduct enjoy a state-created liberty interest in regular exercise. Brown and Hawley are entitled to judgment with respect to Pressley's liberty interest claim as a matter of law. *See Mikeska v. Collins*, 900 F.2d 833, 837 (5th Cir.1990) ("[T]here is no constitutional basis for the demand that prisoners in administrative segregation be accorded the same privileges as prisoners in the general population.").

*Cruel and unusual punishment claims*

■ The cruel and unusual punishment clause of the eighth amendment places limitations on the power of the state to punish those convicted of crime. Prison conditions must not involve "wanton and unnecessary infliction of pain, nor may they be grossly

disproportionate to the severity of the crime warranting imprisonment." *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981); *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir.1987). In addition, the conditions cannot "deprive inmates of the minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347, 101 S.Ct. at 2399. Pressley claims that the denial of exercise opportunities while in punitive segregation has produced a series of physical and psychological maladies in violation of these constitutional protections. As the Sixth Circuit has observed, "It is generally recognized that a total or near-total deprivation of exercise or recreational opportunity, without penological justification, violates Eighth Amendment guarantees." *Patterson v. Mintzes*, 717 F.2d 284, 289 (6th Cir.1983). *See also Spain v. Procunier*, 600 F.2d 189, 199 (9th Cir.1979) ("[S]ome form of regular outdoor exercise is extremely important to the psychological and physical well being of the inmates."); *Knop v. Johnson*, 667 F.Supp. 512, 523 (W.D.Mich.1987); *Mawby v. Ambroyer*, 568 F.Supp. 245, 259 (E.D.Mich. 1983).

In examining the constitutionality of exercise restrictions, trial courts must determine "the *minimum* amount of yard time necessary for the inmates' well-being under minimal civilized standards" and whether these restrictions are " 'totally without penological justification.' " *Walker v. Mintzes*, 771 F.2d 920, 927–28 (6th Cir. 1985) (*quoting Rhodes*, 452 U.S. at 346, 101 S.Ct. at 2399). In making this eighth amendment assessment, factors to consider include: physical or psychological injuries resulting from a lack of exercise or a particularized need for exercise, length of confinement without exercise, time per day outside the cell, and opportunity for contact with other inmates. *Patterson*, 717 F.2d at 289.

Pressley appears to allege, when his complaint and objections to Magistrate Greeley's report and recommendation are liberally construed, that he has been subjected to cruel and unusual punishment in part due to periods without exercise that have been longer than the 30–day limit in the prison's written disciplinary policy.

■ In moving for summary judgment, Brown and Hawley provided evidence of compliance with the prison's policy. Hawley's affidavit and the prison housing unit records show that Pressley's periods without out-of-cell exercise were not more than 30 days, with 7–day periods in which he has had five opportunities to exercise. Pressley has failed to contravene this evidence with affidavits, records or other material showing he was not allowed to exercise for periods longer than 30 days. Therefore, there is no genuine issue of material fact regarding violations of the prison's exercise policy that might constitute cruel and unusual punishment. I conclude that Brown and Hawley are entitled to judgment as a matter of law in this respect.

■ The court finds that summary judgment is not appropriate regarding Pressley's cruel and unusual punishment claim in another respect, however. Pressley's complaint also alleges that his "constant confinement" without out-of-cell exercise for "lengthy periods" has produced a series of serious health problems. His affidavit in support of his response opposing summary judgment indicates that he objects to being denied outdoor exercise "until I had done 30 days" and having to wait "another 30 days before I was permitted outdoor exercise again." Liberally construed, Pressley's complaint thus challenges on eighth amendment grounds the prison's policy of denying outdoor exercise to prisoners on loss of privilege status for 30–day periods.

In moving for summary judgment, Brown and Hawley have failed to carry the burden of showing the absence of a genuine issue of material fact regarding whether the prison's exercise policy is cruel and unusual punishment to Pressley. They have not set forth evidence on any of the factors that are significant in assessing an eighth amendment claim. *See Patterson*, 717 F.2d at 289. For example, they have not offered any penological justification for the policy nor any evidence refuting Pressley's claim that these periods of confine-

ment without exercise have caused psychological damage and physical deterioration, specifically including stomach and bowel problems.

In light of the dearth of evidentiary support favoring summary judgment, the court cannot find as a matter of law that the exercise policy does not violate Pressley's protections against cruel and unusual punishment. Indeed, other courts have recognized that physical and psychological harm may occur after weeks of idleness in prison cells without exercise. *See, e.g., LeMaire v. Maass,* 745 F.Supp. 623, 641 (D.Ore.1990); *Davenport v. DeRobertis,* 653 F.Supp. 649, 656 (N.D.Ill.1987), *modified,* 844 F.2d 1310 (7th Cir.), *cert. denied,* 488 U.S. 908, 109 S.Ct. 260, 102 L.Ed.2d 248 (1988).

Determinations of the constitutionality of prison exercise restrictions are properly made following the presentation of evidence, either in trial or in support of a motion for summary judgment. *Walker,* 771 F.2d at 928 (remanding for further factual determinations); *Patterson,* 717 F.2d at 289 (same); *McKaye v. Brown,* G89–50045, (W.D.Mich., August 10, 1989) (unpublished opinion, J. Bell) (granting summary judgment based, in part, on "defendants' unrefuted affidavit and attachments indicating that plaintiff's health has not suffered"), *aff'd,* 904 F.2d 707 (6th Cir.1990). *See also Ruiz v. Estelle,* 679 F.2d 1115, 1152 (5th Cir.1982), *cert. denied,* 460 U.S. 1042, 103 S.Ct. 1438, 75 L.Ed.2d 795 (1983) (affirming district court's decree after trial; eighth amendment claim "must be determined on the facts of each case and the evidence in each case should support the existence of any health hazard under the specific circumstances involved"); *Spain,* 600 F.2d at 199 (affirming finding of eighth amendment violation made by trial court after "exhaustive examination"); *Sweet v. S. Carolina Dep't of Corrections,* 529 F.2d 854 (4th Cir.1975) (remanding to "take additional testimony and consider in greater detail whether the health of plaintiff may be adversely affected by the restricted exercise rights").

The court, therefore, denies Brown and Hawley's motion for summary judgment with respect to Pressley's eighth amendment claim challenging the denial of out-of-cell exercise for 30–day periods. Accordingly, I reject Magistrate Greeley's finding that the defendants' policy of 30–day periods is constitutional *per se.* This matter requires factual determinations based on evidence adduced in support of a renewed motion for summary judgment or at trial.

An order remanding this case to Magistrate Greeley for further adjudication shall be entered.

### JUDGMENT AND ORDER

In accordance with the opinion issued on today's date,

IT IS HEREBY ORDERED that Magistrate Greeley's report and recommendation is ADOPTED in part and REJECTED in part;

IT IS FURTHER ORDERED that defendants' motion for summary judgment is GRANTED in part and DENIED in part;

IT IS FURTHER ORDERED that judgment is entered in FAVOR of defendants and AGAINST plaintiff with respect to plaintiff's liberty interest claim;

IT IS FURTHER ORDERED that judgment is entered in FAVOR of defendants and AGAINST plaintiff with respect to plaintiff's eighth amendment claim alleging violations of defendants' exercise policy;

IT IS FURTHER ORDERED that this matter is REMANDED to Magistrate Greeley for further adjudication of plaintiff's eighth amendment claim challenging defendants' exercise policy.