Carlos A. WILLIAMS, Plaintiff,

v.

Carol **KLING,** B. **McWhirter, Officer Greer, Officer Mason, Sgt. Hawkins, Thomas Taylor, ADW Foresman, ADW Lou Meyers, Deputy Travis Jones, Warden Frank Elo, Sgt. Towers, Defendants.**

Civ. No. 93 CV 74440.

United States District Court, E.D. Michigan, S.D.

April 21, 1994.

Carlos A. Williams, pro se.

Terry L. Norton, Michigan Dept. of Atty. Gen., Corrections Div., Lansing, MI, for defendants.

### MEMORANDUM OPINION AND ORDER

ANNA DIGGS TAYLOR, District Judge.

Plaintiff Carlos A. Williams, an inmate at the State Prison of Southern Michigan ("SPSM"), brought this action *in forma pauperis,* pursuant to 42 U.S.C. § 1983, alleging that actions taken by prison officials violated Plaintiff's constitutional rights and violated state law. This case is now before the court on cross motions for summary judgment, pursuant to Rule 56(b) of the Federal Rules of Civil Procedure.

### I.

Summary judgment should be granted by this Court as a matter of law if it is shown that no genuine issue as to material facts exists. *Smith v. Hudson,* 600 F.2d 60, 64 (6th Cir.1979). However, summary judgment must not be granted if there is "evidence on which the jury could reasonably

find for the [non-moving party]." *Pressley v. Brown*, 754 F.Supp. 112, 114 (W.D.Mich. 1990). When the moving party offers affidavits or other evidence in support of the motion for summary judgment, Plaintiff, as the nonmoving party, must demonstrate specific facts showing there is a genuine issue for trial. *See Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

The essential elements of a claim under 42 U.S.C. § 1983 are that the conduct complained of (1) was committed by a person acting under color of state law and (2) deprived the plaintiffs of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420 (1981). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir.1991).

## II.

Plaintiff's claims arise out of three alleged episodes of harassment. Plaintiff states that on June 31, 1993 Defendant took his housecoat for no legitimate reason and then issued a misconduct ticket because Plaintiff was reluctant in complying with her request. Plaintiff was found not guilty of any misconduct and the housecoat was returned. Plaintiff also filed a grievance against Defendant for unlawfully taking the coat.

Plaintiff alleges that the second incident occurred on June 30, 1993 when Kling issued another misconduct ticket against Williams, alleging that he had made death threats against her. According to Plaintiff, however, Kling approached him in the yard and demanded that he withdraw his grievance, and when he refused to "sign off" on the grievance, Kling issued a misconduct ticket. At his subsequent disciplinary hearing, Plaintiff alleges that Defendant Towers told Plaintiff that he did not believe Defendant Kling, but he refused to tear up the ticket or prosecute Plaintiff. Ultimately, on August 22, 1993, Plaintiff was found not guilty of any misconduct.

The third incident occurred on December 9, 1993 in the dining area. Plaintiff contends that Defendant conducted a pretextual "shakedown" as he left the dining area. According to Plaintiff, shakedowns consist of a pat down to check for contraband, which normally last for a few minutes, but defendant Kling's shakedown lasted for a half an hour. During the shakedown, according to Plaintiff, Defendant again demanded that Plaintiff withdraw his grievance. Plaintiff states that Defendant then inspected the contents of his wallet, reading aloud Plaintiff's addresses and religious materials in a condescending manner. After reading aloud the writings on different slips of paper, according to Plaintiff, Defendant then let wind scatter the papers across the mess hall, some of which are now lost.

An affidavit filed by Chris Robinson supports Plaintiff's version of the events on December 9, 1993. In addition, Robinson states that Defendant Kling invited other officers to participate in the shakedown, and that Officer Greer also taunted Plaintiff. Robinson also states that Plaintiff asked other officers to retrieve his private papers, but they refused.

Plaintiff also alleges that Defendant has continuously harassed him verbally. Fellow inmate James Palmer states in his affidavit that on November 28, 1993 Defendant Kling stopped in front of Plaintiff's cell and made derogatory remarks about Plaintiff's religion and race. Palmer also swore that Kling referred to Williams' refusal to withdraw his grievance when she harassed him.

Defendant Kling filed an affidavit that contradicts many of the assertions made by Plaintiff. Kling states that she thought that Plaintiff's coat was a lab coat, and consequently, it should not be removed from the shop. In addition, Kling swears that she issued Plaintiff a Notice of Intent for Administrative Hearing, not a major misconduct ticket. Kling also states that, pursuant to procedures, she tried to talk to Williams about the grievance he filed, but he refused and was hostile. As a result, Kling issued a major misconduct ticket against Williams, citing his threatening behavior and insolence.

### III.

Plaintiff's complaint states four related federal claims. Plaintiff claims that the lack of progress in his grievance claim constitutes a violation of his procedural due process rights guaranteed by the Fourteenth Amendment. Plaintiff claims that the scattering of his personal papers by Defendant Kling resulted a violation of his constitutional rights. In addition, Plaintiff claims a conspiracy exists to deprive him of his constitutional rights. Finally, Plaintiff claims that Defendant Kling's behavior constituted a pattern of retaliation against him for filing his grievance.

### A. Procedural Due Process claims.

Plaintiff alleges that he was denied a full and fair grievance process which constitutes a violation of his procedural due process rights. In particular, Plaintiff claims that his grievance was superficially investigated, and that other officers participated in a cover up. To support this claim, Plaintiff cites to his allegation that after Defendant Towers expressed his uncertainty over the validity of Kling's original misconduct ticket, Defendant Towers refused to tear up the ticket. Instead, according to Plaintiff, Towers forced Plaintiff to prove his innocence. Plaintiff also alleges that Defendant Taylor's decision to not investigate Plaintiff's grievance also supports his claim of a denial of procedural due process.

If a state has created administrative and judicial remedies that satisfy the requirements of the due process clause, then a claim for a violation of procedural due process must be denied. *Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981). In Michigan, prisoners are afforded five levels of administrative review of grievances. *See* the Administrative Procedures Act, M.C.L. § 24.301. In addition, Michigan law allows for judicial review of decisions in the circuit and appellate courts. *Id.; see also Dewalt v. Warden, Marquette Prison,* 112 Mich.App. 313, 315 N.W.2d 584 (1982). These procedures satisfy the requirements of procedural due process, and thus, Plaintiff's claim must be denied.

### B. Loss of Property claim.

Plaintiff claims that the seizure and loss of papers in his wallet resulted in a loss of his personal property constituted a violation of a myriad of his constitutional rights. Plaintiff states in a conclusory fashion that he has no adequate state law remedy, which is a requirement for a § 1983 claim. *Vicory v. Walton,* 721 F.2d 1062, 1064–65 (6th Cir. 1984). This allegation, however, is untrue because an adequate post deprivation remedy exists under state law. *See* M.C.L. § 600.-6419(1)(a); *see also Callahan v. State Prison of Southern Michigan,* 146 Mich.App. 235, 380 N.W.2d 48 (1985); *Lawrence v. MDOC,* 81 Mich.App. 234, 265 N.W.2d 104 (1978). Plaintiff claims that some of the papers lost related to the pursuit of his grievance, and thus Kling's actions violated his First Amendment rights. This argument must be dismissed because Plaintiff has failed to show how the loss of these papers adversely affected his claim. *ACLU v. Wicomico County,* 999 F.2d 780, 784 (4th Cir.1993).

Plaintiff also claims that the loss of the papers violated the Fourth Amendment, Eighth Amendment, and Fourteenth Amendment. However, these claims represent alternative rather than complementary systems of analysis, and in light *Graham v. Connor,* 490 U.S. 386, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989), this Court should analyze the claim under Eighth Amendment principles. Consequently, this court concludes that Kling's actions did not "shock the conscience," as required by the Eighth Amendment. *Cale v. Johnson,* 861 F.2d 943 (6th Cir.1988). Unlike *Cale,* Plaintiff was not in danger of any further loss of liberty. Thus, *Vasquez v. City of Hamtramck,* 757 F.2d 771 (6th Cir.1985) is more appropriate, and there the court held that a person does not suffer a constitutional deprivation every time he is subject to the petty harassment of a state agent. *Id.* at 773.

### C. Conspiracy claim.

The court in *Lepley v. Dresser,* 681 F.Supp. 418 (W.D.Mich.1988) concisely set forth the standard for a § 1983 conspiracy claim. In order to survive a motion for

summary judgment, the court stated, Plaintiff must show:

> specific facts showing either the existence or execution of the claimed conspiracy.... [and] these facts must show overt acts related to the promotion of the conspiracy and some link between the alleged conspirators. Finally, plaintiff must present facts that the conspirators agreed to commit an act which deprived the plaintiff of a right, privilege or immunity secured by the Constitution or laws of the United States.

*Lepley* 681 F.Supp. at 422 (citations omitted). *See also Boles v. Fox*, 403 F.Supp. 253 (E.D.Tenn.1975).

In light of this standard, the Court concludes that Plaintiff has failed to supply sufficient facts that establish a conspiracy, even when said facts are construed in his favor. Plaintiff frames his conspiracy charge in conclusory language, arguing that the lack of progress in his grievance claim coupled with Defendant Kling's behavior is evidence of a conspiracy. These allegations fall far short of the requirements for a conspiracy claim to survive a motion for summary judgment.

### D. Retaliation claim.

Plaintiff's final claim is that Kling retaliated against him for exercising his constitutional rights. As a general rule, in order to state a substantive due process violation based on retaliation, a plaintiff needs to demonstrate that defendant's actions "shock the conscience." *Cale v. Johnson*, 861 F.2d 943 (6th Cir.1988). Unlike other § 1983 claims, in order to state a viable retaliation claim, Plaintiff need not prove that defendant's actions amounted to a constitutional violation. *Madewell v. Roberts*, 909 F.2d 1203 (8th Cir. 1990); *see also Thomas v. Carpenter*, 881 F.2d 828, 830 (9th Cir.1990). Plaintiff need only show that defendants intended to retaliate against a plaintiff for exercising a constitutional right, and defendant's actions impermissibly infringed on Plaintiff's constitutional rights. *ACLU of Maryland v. Wicomico County, MD*, 999 F.2d 780, 785 (4th Cir. 1993). For example, transferring an inmate from one prison to another is permissible, but transferring an inmate in retaliation for filing a grievance is a valid basis for stating a § 1983 claim. *Wesselman v. Ashley*, 899 F.2d 1223 (6th Cir.1990) (unpublished opinion); *Smith v. Maschner*, 899 F.2d 940 (10th Cir.1990); *Cain v. Lane*, 857 F.2d 1139 (7th Cir.1988). Likewise, having to place an inmate in administrative segregation is part of routine administration of a prison, but placing an inmate in administrative segregation in retaliation is actionable under § 1983. *Gibbs v. Hopkins*, 10 F.3d 373 (6th Cir.1993).

A prisoner's right to file a grievance is covered by the First Amendment's right to meaningful access to the courts, and thus Williams' attempt to file a grievance against Kling is covered by the First Amendment. *Johnson v. Avery*, 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969); *Sprouse v. Babcock*, 870 F.2d 450 (8th Cir.1989). The next step in the analysis is to infer Kling's intent based on her actions. In circumstances such as these, where the alleged conduct does not state a constitutional violation absent a retaliatory intent, Williams needs to prove that the claimed retaliation was a "substantial and motivating factor" in Kling's conduct. *Mount Healthy City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 283, 97 S.Ct. 568, 574, 50 L.Ed.2d 471 (1977). If proven, Kling can still defeat the claim if she can show that she would have acted the same in the absence of the protected activity. *Id.*

The conduct in question involves the issuance of a misconduct ticket, a shakedown, and verbal harassment. As noted previously, an essential element of a § 1983 claim is that a defendant infringe upon a plaintiff's constitutional rights. *ACLU of Maryland*, 999 F.2d at 785. However, Plaintiff has presented no evidence that Kling's conduct has in any way impeded him from advancing his claim. Lacking any showing of adversity, this claim is dismissed. *See Jones v. Franzen*, 697 F.2d 801 (7th Cir.1983).

Furthermore, the only conduct that rises above a de minimis claim is the issuance of a misconduct ticket, because a misconduct ticket can result in a "further loss of liberty through disciplinary detention and through the loss of good time credits." *Cale*, 861

F.2d at 949–50. *See also Jackson v. Hurley,* 91–2170, 1993 WL 515688 (N.D.Cal. Nov. 24, 1993) (unpublished opinion); *El–Amin v. Tirey,* 817 F.Supp. 694 (W.D.Tenn.1993); *Williams v. Smith,* 717 F.Supp. 523, 525 (W.D.Mich.1989); *Schroeder v. McDonald,* 823 F.Supp. 750 (D.C.Hawaii 1992). *Cf. Burton v. Livingston,* 791 F.2d 97 (8th Cir.1986) (holding that verbal death threats in addition to cocking and pointing a loaded pistol at a prisoner's head was sufficient evidence to support a retaliation claim); *Knop v. Johnson,* 667 F.Supp. 467 (W.D.Mich.1987) (holding that black prisoners had stated a viable § 1983 claim where the continued and unending use of racial slurs by a variety of prison officials had come to represent a custom, policy or practice of the Department of Corrections and the grievance system was totally ineffective in remedying the situation).

 Focusing on the misconduct ticket, even if Plaintiff could demonstrate that the Kling's issuance of a misconduct ticket in some way impeded Plaintiff from filing his grievance, Plaintiff's claim would still fail because Plaintiff has not established that an intent to retaliate was a substantial factor behind Kling's decision to issue a misconduct ticket. Plaintiff's pleadings make a prima facie case that an intent to discriminate lurked behind Kling's decision to issue the second misconduct ticket, but Kling swears that she issued the ticket because Williams became hostile after she mentioned his grievance. Although the reviewing officer admitted that conducting a grievance meeting on the yard was unusual, it is required prison policy that an officer who is a subject of a grievance meet with the prisoner who wrote the grievance and discuss it. Kling's claim that Williams became hostile stands unrebutted, and issuing a misconduct for hostile and insolent behavior to a prison guard affirms a legitimate penological interest. *Jones v. North Carolina Prisoners' Labor Union, Inc.,* 433 U.S. 119, 97 S.Ct. 2532, 53 L.Ed.2d 629 (1977). Thus, Kling has met her burden under the *Mount Healthy* test, and the claim should be dismissed.

### IV.

This Court will exercise its discretion and dismiss any remaining state claims pursuant to 28 U.S.C. § 1367(c)(3). *United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966).

Accordingly,

IT IS HEREBY ORDERED that Defendants' motion for summary judgment is GRANTED with prejudice as to Plaintiff's federal claims.

IT IS ALSO HEREBY ORDERED that Defendants' motion for summary judgment is GRANTED without prejudice as to any of Plaintiff's state claims.

IT IS ALSO HEREBY ORDERED that Plaintiff's motion for summary judgment is DENIED.

IT IS SO ORDERED.

### *JUDGMENT*

This matter having come before the Court, and the Court having entered its Memorandum Opinion and Order; now, therefore,

IT IS ORDERED AND ADJUDGED that Defendants' motion for summary judgment is GRANTED and this case is dismissed.