57 F.3d 1072
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Carlos A. WILLIAMS, Plaintiff-Appellant,
v.
Carol KLING, Defendant-Appellee.
 No. 94-1507.
 United States Court of Appeals, Sixth Circuit.
 June 16, 1995.
 
 1
 Before: MERRITT, Chief Judge; MARTIN, Circuit Judge, and SIMPSON, Chief District Judge.*
 
 ORDER
 
 2
 Carlos Williams appeals from the district court's judgment granting the defendant's motion for summary judgment in this prisoner civil rights case filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In 1993 Carlos Williams, a Michigan inmate, brought a civil rights action against Carol Kling, a corrections officer at the State Prison of Southern Michigan, seeking redress for the alleged violation of several constitutional guarantees. Williams sought monetary and other relief from Kling in her individual and official capacities. Kling is the only defendant in this action. The inclusion of several other putative defendants in the caption of some court documents and the notice of appeal is of no moment as Kling was the only defendant served.
 
 
 4
 The district court ultimately granted summary judgment for Kling on all claims and this appeal followed. Williams v. Kling, 849 F.Supp. 1192 (E.D.Mich.1994). The parties have briefed the issues; Williams is proceeding without benefit of counsel. In addition, Williams requests the appointment of appellate counsel.
 
 
 5
 Williams contends that his constitutional rights were violated by defendant Kling in three separate incidents in 1993 as well as other examples of harassment. The first incident is said to have taken place on June 29, 1993, when Kling is alleged to have acted capriciously in ordering Williams to remove his housecoat. The second incident occurred on June 30, 1993, when Williams was issued a misconduct ticket on that date allegedly for making death threats to Kling. The third major incident giving rise to this action occurred on December 9, 1993. Kling is alleged to have subjected Williams to an overly lengthy "pat-down" when Williams attempted to leave the prison dining area and demanded that he withdraw a previously filed grievance. Kling is said to have inspected the contents of Williams's wallet, ridiculed Williams's choice of religion and friends and then allowed some of the papers to scatter across the hall.
 
 
 6
 The district court distilled four separate constitutional claims from the preceding allegations and evidentiary material. The court concluded that the institutional grievance process was constitutionally satisfactory and that Williams failed to demonstrate the existence of a triable fact in any of the remaining three claims.
 
 
 7
 The district court's decision is supported by the record and law. A grant of summary judgment will be reviewed de novo on appeal. Brooks v. American Broadcasting Cos., 932 F.2d 495, 500 (6th Cir.1991). Generally, summary judgment is proper where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988). Only factual disputes which may have an effect on the outcome of a lawsuit under substantive law are "material." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). To be "genuine," a dispute must involve evidence upon which a jury could find for the nonmoving party. Id. The burden is upon the moving party to show that "there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).
 
 
 8
 Williams initially contends that the grievance process has been so inadequate or poorly administered that he has suffered a denial of procedural due process. Williams relies, in particular, on having been found not guilty on two different charges and what he claims is a shifting burden of proof.
 
 
 9
 This aspect of Williams action may best be interpreted as a claim for being falsely accused of prison disciplinary infractions. A prisoner, however, has no constitutional right not to be falsely accused of a disciplinary infraction. Freeman v. Rideout, 808 F.2d 949, 952-53 (2d Cir.1986), cert. denied, 485 U.S. 982 (1988). A prisoner is entitled only to due process of law in the resolution of the disciplinary dispute. Id. The pleadings in the record amply demonstrate that Williams's path through the prison disciplinary system is replete with written charges, notices, appeals and hearings. Williams does not complain that any of his many proceedings did not meet the standards for due process set forth in Wolff v. McDonnell, 418 U.S. 539, 563-70 (1974), or Superintendent, Mass. Correctional Inst. v. Hill, 472 U.S. 445, 455-56 (1985). This claim lacks merit.
 
 
 10
 Williams's second claim is one for the deprivation of a property interest without due process, namely, the loss of personal papers in his wallet. Williams's allegations in this context are that the acts of the state agents were random and not authorized under state law. It was therefore incumbent upon Williams to plead and prove the inadequacy of Michigan state post-deprivation remedies. Parratt v. Taylor, 451 U.S. 527, 543-44 (1981), overruled in part by Daniels v. Williams, 474 U.S. 327 (1986). Williams did not so plead. In fact, it is clear that Michigan does provide adequate post-deprivation remedies for the negligent and intentional conversions of personal property. This contention is meritless.
 
 
 11
 Williams's third constitutional claim is that a great many persons in the prison administration have conspired against him. In general, conspiracy claims under Sec. 1983 must be pled with some degree of specificity. Vague, conclusory allegations unsupported by material facts will not be sufficient to state a claim for relief. Gutierrez v. Lynch, 826 F.2d 1534, 1538 (6th Cir.1987). It is clear that Williams is unhappy, but there is absolutely no evidence of record that his jailers are in league against him. The district court properly disposed of this claim.
 
 
 12
 Finally, Williams contends that many, if not all, of the alleged incidents of which he complains were retaliatory in nature. In general, government officials may not retaliate against persons who have participated in constitutionally protected conduct. Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 286-87 (1977). It is incumbent upon Williams in this context to establish that defendant Kling acted in a way that amounted to an "egregious abuse of governmental power" or that such actions otherwise "shocked the conscience." Cale v. Johnson, 861 F.2d 943, 949-50 (6th Cir.1988). Williams may satisfy this burden by showing that his assertion of a protected right was a "substantial" or "motivating factor" in the alleged retaliatory conduct. Mt. Healthy, 429 U.S. at 287. It is clear, nevertheless, that not every incident of petty harassment at the hands of a state agent rise to the level of a constitutional tort. Vasquez v. City of Hamtramck, 757 F.2d 771, 773 (6th Cir.1985) (per curiam).
 
 
 13
 Against this legal framework, however, it is apparent that Williams has no case against defendant Kling for retaliation. The overwhelming sense of this record is that plaintiff Williams and defendant Kling simply do not like one another and have a long history of mutual animosity. It cannot be said there is any jury question with respect to Kling's alleged unconstitutional motivations as the entire case is littered with both parties accusing the other of being hostile, abusive, racist, and condescending. The appeal lacks merit.
 
 
 14
 Accordingly, the motion for counsel is denied and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles R. Simpson, III, Chief United States District Judge for the Western District of Kentucky, sitting by designation