85 F.3d 628
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Gary Louis GREEN, Plaintiff-Appellant,
v.
C/O DALSKY; C/O Freeman; K. Wells, Defendants-Appellees.
 No. 95-1557.
 United States Court of Appeals, Sixth Circuit.
 May 13, 1996.
 
 Before: GUY, NELSON, and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 Gary Louis Green appeals a district court grant of summary judgment for defendants in this civil rights action filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Green filed his complaint in the district court alleging that: (1) he was charged with misconduct in retaliation for exercising his First Amendment rights; (2) he was deprived of due process in the resulting disciplinary proceedings; and (3) defendants purposely lost some of his property while he was confined to segregation. Plaintiff named the defendant prison officials in their individual capacities and sought only compensatory and punitive damages. Defendants moved to dismiss the complaint or for summary judgment, and plaintiff responded in opposition. Thereafter, the magistrate judge recommended that summary judgment for defendants be granted, and plaintiff filed objections. The district court adopted the magistrate judge's recommendation and granted summary judgment for defendants. Plaintiff filed a timely notice of appeal, and the district court granted plaintiff leave to proceed in forma pauperis on appeal.
 
 
 3
 This court reviews a grant of summary judgment de novo on appeal. Brooks v. American Broadcasting Cos., 932 F.2d 495, 500 (6th Cir.1991). Generally, summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to [a] judgment as a matter of law." Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988) (quoting Fed.R.Civ.P. 56(c)). Only factual disputes which may have an effect on the outcome of a lawsuit under substantive law are "material." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). To be "genuine," a dispute must involve evidence upon which a jury could find for the nonmoving party. Id. The burden is upon the moving party to show that "there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Thereafter, the nonmoving party must present significant probative evidence in support of the complaint to defeat the motion. Anderson, 477 U.S. at 249-50. Here, summary judgment for defendants was proper.
 
 
 4
 First, plaintiff cannot show a genuine issue of material fact remaining for trial with respect to his retaliation claim. Generally, a false misconduct charge may violate substantive due process where a defendant's conduct shocks the conscience and constitutes an "egregious abuse of governmental power." Cale v. Johnson, 861 F.2d 943, 950 (6th Cir.1988). Here, plaintiff clearly had an unpleasant confrontation with one of the defendants and was convicted of a major misconduct offense as a result. However, the conduct alleged does not shock the conscience or constitute an egregious abuse of power.
 
 
 5
 Moreover, plaintiff's contention on appeal that he was deprived of due process in the resulting disciplinary proceedings is without merit. The record reflects that "some evidence was presented in support of the disciplinary board's decision," see Superintendent v. Hill, 472 U.S. 445, 455-56 (1985), and plaintiff cites no deprivation of the other minimum requirements of due process. See Wolff v. McDonnell, 418 U.S. 539, 563-67 (1974). Also, plaintiff simply enjoys no liberty interest in procedures required under prison policy because plaintiff was not subject to an "atypical, significant deprivation." See Sandin v. Connor, 115 S.Ct. 2293, 2300 (1995).
 
 
 6
 Further, plaintiff's claim that some of his property was lost upon his confinement in segregation is barred under the doctrine enunciated in Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part by Daniels v. Williams, 474 U.S. 327 (1986). Postdeprivation remedies available to plaintiff are adequate to protect his right to procedural due process. See Wilson v. Beebe, 770 F.2d 578, 584 (6th Cir.1985) (en banc); Williams v. Kling, 849 F.Supp. 1192, 1195 (E.D.Mich.1994).
 
 
 7
 Finally, it is noted that plaintiff's remaining claims are not cognizable on appeal. This court will not consider plaintiff's claim that he was denied his First Amendment right to access to the courts during his confinement in segregation because the claim was asserted on appeal only in plaintiff's reply brief. See United States v. Perkins, 994 F.2d 1184, 1191 (6th Cir.), cert. denied, 114 S.Ct. 279 (1993); Wright v. Holbrook, 794 F.2d 1152, 1156-57 (6th Cir.1986). Plaintiff's contention on appeal that defendants interfered with his ability to respond to a district court order imposing costs in this case was not asserted in the district court and is not cognizable in the first instance on appeal. See Foster v. Barilow, 6 F.3d 405, 407 (6th Cir.1993).
 
 
 8
 Accordingly, the judgment of the district court be affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.